00-CV-1109
Thompson

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Thurgood Marshall Courthouse, at Foley Square, in the City of New York, on the ____ day of _____, two thousand and three.

PRESENT:

    Hon. John M. Walker, Jr.,
                 Chief Judge,

    Hon. Guido Calabresi,
    Hon. Chester J. Straub,
                 Circuit Judges.

-----------------------------------------X

KEN S. SHERBACOW,

    Plaintiff-Appellant,

            v.

THEODORE R. ANSON and
WILLIAM R. ANDREWS

    Defendants-Appellees.

No. 03-7423

-----------------------------------------X

APPEARING FOR APPELLANTS:    ANDREW B. BOWMAN,
                                 Westport, CT.

APPEARING FOR APPELLEE:    GIOVANNA TIBERII WELLER

ISSUED AS MANDATE: 12/29/03



FILED DEC 0 1 2003 — United States Court of Appeals, Second Circuit, Roseann B. MacKechnie, Clerk

(James K. Robertson, Jr.,
on the brief)
Carmody & Torrance
Waterbury, CT.

Appeal from the United States District Court for the District of Connecticut (Alvin W. Thompson, District Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Ken S. Sherbacow appeals from the March 31, 2003 judgment of the district court granting defendants-appellees Theodore R. Anson and William R. Andrews's motion for summary judgment on appellant's 42 U.S.C. § 1983 claim for termination of employment in violation of the First Amendment right to free speech. The district court determined that Anson and Andrews had met their burden of setting forth facts showing that Sherbacow's speech was not a substantial or motivating factor in his discharge and that Sherbacow had not raised genuine issues of material fact. It concluded that there was no evidence to suggest that (1) Sherbacow's 1997 reassignment to the leasing unit was related to his speech instead of other, unrelated factors; (2) when Sherbacow was advised that his position was "at-risk" it was motivated by his speech and not budgetary cutbacks; (3) Anson and Andrews knew that Sherbacow had made complaints to the State Property Review Board in 1999; or (4) Anson and Andrews knew that Sherbacow was the source of February 1997 formal complaints or leaks to the press. On appeal, Sherbacow argues that he has raised genuine issues of material fact as to whether Anson and Andrews's conduct was a substantial motivating factor in his discharge.

We review the district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. See Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002).

We need not reach the issue of whether Anson and Andrews dismissed Sherbacow because they suspected that he was the whistle-blower. Anson and Andrews demonstrated that Sherbacow's position would have been eliminated absent his speech as a result of downsizing and Sherbacow has shown no evidence that the proffered reason for his dismissal was pretextual in nature.

Having reviewed the record, we find no error in the actions of the district court and affirm its judgment.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *Lucille Carr*
Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *[signature]*
DEPUTY CLERK